Commonwealth *v.* Medeiros.

COMMONWEALTH *vs.* LUIS A. MEDEIROS.

No. 98-P-173.

Bristol. November 19, 1999. - December 17, 1999.

Present: PERRETTA, LAURENCE, & GELINAS, JJ.

*Practice, Criminal,* Plea. *Alien.*

In the circumstances of a plea proceeding, neither defense counsel nor the judge could reasonably have foreseen the applicability of recent Federal legislation to the case that would mandate deportation upon the defendant's conviction, and the judge's plea colloquy, in the form required by G. L. c. 278, § 29D, advising the defendant that his plea might result in immigration consequences, was adequate. [375-377]

COMPLAINTS received and sworn to in the New Bedford Division of the District Court Department on November 27, 1995, and February 5, 1996, respectively.

A motion to vacate guilty pleas, filed on November 26, 1996, was heard by *John B. Leonard,* J.

The case was submitted on briefs.

*Brian J. Sylvia & Frederick O. Watt* for the defendant.

*David Keighley,* Assistant District Attorney, for the Commonwealth.

LAURENCE, J. This is the defendant's consolidated appeal from the denial of his motion to vacate his May, 1996, guilty pleas to two counts of possession of a class A substance with intent to distribute, in violation of G. L. c. 94C, § 32. The defendant concedes that during the plea colloquy the trial judge advised him that his pleas might result in immigration consequences, including deportation, in the form required by G. L. c. 278, § 29D. Even so, the defendant claims that that warning was inadequate in light of subsequent events.

As a consequence of 1996 Federal legislation,[1] the defendant asserts that he now faces mandatory, rather than discretionary, possible deportation. At the time of the change of plea hearing, he contends that neither his counsel nor the court could have foreseen the applicability of that recent Federal legislation to his case.[2] Because both his counsel and the court were therefore incapable of advising him that he faced certain, rather than possible, deportation, the defendant argues that it was impossible for him to have made a knowing and voluntary plea.

These contentions are unpersuasive, and we affirm the denial of the defendant's motion. The judge had no obligation to anticipate changes in the operation of Federal immigration law. "The immigration ramifications of a conviction are not considered to be direct consequences of being confined. Rather, they are collateral and contingent consequences of a plea, and, but for G. L. c. 278, § 29D . . . there would be no obligation on a judge to warn or inform the defendant of such consequences in order to render the plea a voluntary and intelligent one." *Commonwealth* v. *Hason*, 27 Mass. App. Ct. 840, 843 (1989). "The purpose of the advisement set forth in the statute is to assure that a defendant knows that a plea of guilty *may* have an effect on his alien status." *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 666 (1989) (emphasis added).

By its explicit terms, the statute requires a judge to inform the defendant, as the judge correctly did here, that a plea of guilty "may have the consequence[] of deportation," among other things. "Beyond that, in the absence of special circum-

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, which was enacted just before his conviction, particularly § 440(d) (8 U.S.C. § 1182[c]) thereof, later construed by the United States Attorney General in Matter of Soriano, BIA Int. Dec. No. 3289, 16 Imm. Rptr. (MB) B1-227, B1-239 (Feb. 1, 1997), to have retroactive application.

[2]A review of Federal case law reveals that the controversy regarding the retroactivity of the 1996 legislation has related primarily to the legislation's applicability to persons whose crimes *and* convictions occurred prior to its enactment, particularly those persons whose applications for a waiver of deportation were pending at the time of enactment. See, e.g., *Goncalves* v. *Reno*, 144 F.3d 110 (1st Cir. 1998), cert. denied sub nom. *Reno* v. *Pereira Goncalves*, 526 U.S. 1004 (1999), superseded by statute as stated in *Berlanga* v. *Reno*, 56 F. Supp. 2d 751 (S.D. Tex. 1999). Here, the defendant committed the underlying criminal acts prior to the enactment of the new legislation, but both the convictions and the initiation of deportation proceedings occurred afterward.

stances, a judge need not explain to the defendant the intricacies of the immigration laws." *Commonwealth* v. *Hason, supra* at 844. This is not a case involving special circumstances. For a judge to be required to give a more involved advisement as to immigration consequences, or to warrant a defendant's withdrawal of his plea on the ground of insufficient understanding of those consequences, the special circumstances alleged must have existed at the time the defendant offered his plea. See *ibid* (listing examples of special circumstances).

Here, the decision to apply the change in Federal immigration law retroactively came after the defendant offered his guilty pleas, and the defendant concedes that, at the time of the plea hearing, neither his counsel nor the judge could reasonably have foreseen the applicability of such new legislation to the defendant's case. On this record, there is no basis for concluding that the defendant received inaccurate advice regarding the immigration consequences of his pleas or misunderstood his rights and risks as they existed at the time he offered his pleas.[3]

This is also not a case in which a defendant who "had reasonable grounds for believing that his plea would have no [immigration] impact," suddenly finds himself facing certain deportation.[4] *Ibid.* The defendant does not contest the fact that, at the time he proffered his guilty pleas, he had been counseled that

---

[3]Despite the defendant's claim to the contrary and the Commonwealth's silence on this point, it is conceivable that at the time of the plea hearing the defendant's counsel could have foreseen, and therefore may well have advised the defendant regarding, the potential ramifications of the newly enacted Federal legislation. Even if he did not, however, "[a] guilty plea is not necessarily regarded as having been made involuntarily or unintelligently because a defendant has received inaccurate or incomplete advice from his counsel concerning the penal consequences of the plea." *Commonwealth* v. *Indelicato*, 40 Mass. App. Ct. 944, 945 (1996). "Doubtless cases might arise where trial counsel's mistaken advice as to consequences of a guilty plea would be thought so central as to undermine the plea's validity . . . but it is not likely in a case where, as here, the mistaken or incomplete advice concerns a matter that is entirely collateral to the charges pending for plea or trial." *Ibid.*

[4]At the hearing on the defendant's motion to vacate his pleas, the judge expressed his belief that, despite the new legislation, the Federal authorities would not necessarily move for deportation in every single case. The defendant cites that statement as support for his argument that he was "substantially misled" at the plea hearing and that he had "reasonable grounds for believing his plea would have no [immigration] impact." As the Commonwealth correctly notes, the judge's post-plea belief about what the Federal authorities might do sheds no relevant light on the issue of what the defendant understood or expected at the plea hearing.

deportation was a possibility. Nor does he suggest that he had reason to be optimistic regarding the likelihood that he, standing convicted of two aggravated felonies, could persuade the Federal immigration authorities to exercise their discretion in his favor had he been afforded the traditional opportunity to apply for a waiver of deportation.

Thus, the change in Federal immigration law and subsequent decision to apply that change retroactively did not expose the defendant to a new contingency he did not already know he faced when he tendered his pleas. Accordingly, he can be lawfully deemed to have accepted the possibility that that very contingency, deportation, would in fact come to pass.

> *Order denying motion to vacate*
> *guilty pleas affirmed.*