The question posed by the District Court judge’s report is whether a defendant may withdraw an admission to sufficient facts notwithstanding his having been advised pursuant to G. L. c. 278, § 29D, of each of the specified immigration consequences, both orally and in a writing memorializing the same, because the statutory language fails to apprise him of changes in Federal immigration law that, in certain instances, treat an admission to sufficient facts as equivalent to a conviction. We answer the reported question: “No.”
Following the defendant’s admission to sufficient facts on a complaint charging violation of an abuse prevention order, see G. L. c. 209A, § 7, the judge found sufficient facts to warrant entry of a guilty finding, but continued the matter without a finding for one year upon conditions, including completion of a domestic violence counseling program. Prior to completion of the continuance period, the defendant moved to withdraw his admission, asserting that the judge, who correctly invoked G. L. c. 278, § 29D, had failed to advise him that a continuance without a finding was equivalent to a conviction for immigration purposes and might jeopardize his pending applications for citizenship. Before the judge acted on the motion, the one-year continuance period expired, and the charge was dismissed. Shortly thereafter, the judge heard and denied the defendant’s motion. On the same day, he reported the following question pursuant to Mass.R.Crim.P. 34, 378 Mass. 905 (1979)[1]:
“Whether, in light of the 1996 amendment to 8 U.S.C. 1101(a)(48)(A) which treats an ‘admission to sufficient facts’ as equivalent to a conviction for immigration purposes, a criminal defendant who offers an ‘admission to sufficient facts’ and receives a ‘continuance without a finding’ may withdraw the admission on the grounds that immigration warnings which tracked G. L. c. 278, § 29D, did not inform Defendant that his admission to sufficient facts and receipt of a continuance without a finding could lead to his deportation or denial of naturalization.”
See 8 U.S.C. § 1101(a)(48)(A) (Supp. V 1999) (“conviction” defined to include an admission to sufficient facts to warrant a finding of guilt if “the *876 judge has ordered some form of punishment, penalty, or restraint on the alien’s liberty to be imposed”); Commonwealth v. Hilaire, 51 Mass. App. Ct. 818, 823 & n.9 (2001).
Consideration of the case is complicated by thorny procedural problems. Here, the defendant had filed his motion to withdraw his admission, but the motion remained unheard, when the underlying case was dismissed at the request of the probation department because the defendant had successfully completed the terms and period of the continuance. “Technically, a dismissed case cannot be reported pursuant to Mass.R.Crim.P. 34, 378 Mass. 905 (1979), since the rule allows for reporting a case either prior to trial or after conviction of the defendant, with his consent. ... A dismissed case fits into neither category.” Commonwealth v. Hampe, 419 Mass. 514, 515 n.1 (1995). The defendant styles this case as an appeal from the denial of his motion to withdraw his admission to sufficient facts. The Commonwealth counters that a finding of sufficient facts is not an appealable order, especially when the underlying matter has been dismissed. See Commonwealth v. Walsh, 43 Mass. App. Ct. 924 (1997).
We believe that because the defendant raised the issue timely, he should not be penalized because the charge was perfunctorily dismissed prior to the judge’s decision on the motion, especially where, as here, there remain genuine and serious collateral consequences. See Frizado v. Frizado, 420 Mass. 592, 594 & n.2 (1995) (a vacated 209A order is not moot as even vacated orders may have adverse consequences in future requests for orders and bail proceedings); Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998). But see Zullo v. Goguen, 423 Mass. 679 (1996). Fairness also favors such a result. Cf. Krupp v. Gulf Oil Corp., 29 Mass. App. Ct. 116, 121 (1990). As in Commonwealth v. Hampe, supra, in these circumstances, we believe that “efficiency in the administration of justice would be best served by our answering the reported question regardless of whether, as a technical matter, it is properly before us.” Matter of a John Doe Grand Jury Investigation, 408 Mass. 480, 481 (1990).
Because it was unchallenged here, we assume for purposes of decision that the defendant satisfied his initial statutory burden of showing that his admission to sufficient facts and continuance without a finding “may have” the adverse immigration consequences that he cites and, therefore, that he might be entitled to the extraordinary relief that the statute affords an alien defendant if he did not receive the required advisement. See Commonwealth v. Rzepphiewski, 431 Mass. 48, 50-51 (2000). General Laws c. 278, § 29D, imposes upon a defendant the burden of demonstrating that the particular plea or admission he seeks to vacate may have one of the enumerated consequences. Ibid. Commonwealth v. Podoprigora, 46 Mass. App. Ct. 928, 929 n.1 (1999). Compare Commonwealth v. Pryce, 429 Mass. 556, 558-559 (1999).
We proceed to the reported question, to which we answer “No.” Here, the judge gave the alien warning conformably with the statute. See Commonwealth v. Soto, 431 Mass. 340, 342 (2000). Any expansion of the statutory mandate is within the province of the Legislature, not an appellate court. “We are not free to ignore or to tamper with that clear expression of legislative intent. If the law is to be changed, the change can only be made by the Legislature.” Commonwealth v. Jones, 417 Mass. 661, 664 (1994). Difficulties such as those presented here will continue to arise so long as the immigration warn *877 ings required by our State statute do not encompass changes in Federal immigration law.
Richard J. Fallon for the defendant.
Peter D’Angelo, Assistant District Attorney, for the Commonwealth.
For the same reasons, the judge did not err in denying the motion to withdraw the admission to sufficient facts.

Order denying motion to withdraw admission to sufficient facts and for new trial affirmed.

Rule 34 of the Massachusetts Rules of Criminal Procedure provides that, “If . . . with the consent of the defendant, after conviction of the defendant, a question of law arises which the trial judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein.” For purposes of this rule, a conviction may include a “confession in open court without judgment or sentence.” See Commonwealth v. Baldi, 250 Mass. 528, 537 (1925).