COMMONWEALTH *vs.* CESAR VILLALOBOS.

Middlesex. April 1, 2002. - October 18, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Moot Question. Alien. Practice, Criminal,* Plea, Admission to sufficient facts to warrant finding. *Statute,* Construction.

A dismissal of a criminal charge did not render a reported question moot, where the defendant raised the issue in a timely fashion, and where, notwithstanding the dismissal, the defendant's admission to sufficient facts could have exposed him to unfavorable immigration consequences, and the applicable statute, G. L. c. 278, § 29D, allowed the defendant to file a motion "at any time" precisely so that the defendant could seek to avoid those consequences. [799-800]

This court concluded that a criminal defendant who admitted to sufficient facts and received a continuance without a finding could not withdraw the admission on the ground that immigration warnings given by a judge tracking G. L. c. 278, § 29D, did not inform him that his admission to sufficient facts and receipt of a continuance could lead to his deportation or denial of naturalization where, despite the 1996 amendment to 8 U.S.C. § 1101(a)(48)(A), which treated such an admission as equivalent to a conviction for immigration purposes, the judge was not required to expand on the warnings that had been prescribed by the Legislature. [800-806] IRELAND, J., dissenting.

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on May 30, 1997.

A motion to withdraw an admission to sufficient facts and for a new trial, filed on September 18, 1998, was heard by *Jonathan Brant,* J., and a question of law was reported by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Richard J. Fallon* for the defendant.

*Thomas D. Ralph,* Assistant District Attorney, for the Commonwealth.

SOSMAN, J. After denying the defendant's motion to withdraw his admission to sufficient facts and for a new trial, a judge in

the District Court reported the following question to the Appeals Court: "Whether, in light of the 1996 amendment to 8 U.S.C. [§] 1101(a)(48)(A) which treats an 'admission to sufficient facts' as equivalent to a conviction for immigration purposes, a criminal defendant who offers an 'admission to sufficient facts' and receives a 'continuance without a finding' may withdraw the admission on the grounds that immigration warnings which tracked G. L. c. 278, [§] 29D did not inform Defendant that his admission to sufficient facts and receipt of a continuance without a finding could lead to his deportation or denial of naturalization." The Appeals Court, in a rescript opinion, answered the reported question in the negative. See *Commonwealth* v. *Villalobos,* 52 Mass. App. Ct. 903, 904 (2001). We granted the defendant's application for further appellate review, and we answer the question in the negative.

1. *Facts.* The defendant, born in Peru, is a permanent resident alien living in Cambridge, and is presently applying for United States citizenship. On May 30, 1997, the defendant was charged with violation of an abuse prevention order. G. L. c. 209A, § 7. On October 9, 1997, he admitted to sufficient facts to warrant a finding of guilty and received a disposition (to which he had agreed) of a continuance without a finding for one year, with the charge then to be dismissed if the defendant successfully completed a counselling program and obeyed any restraining orders in effect. G. L. c. 278, § 18. As part of the colloquy conducted by a judge in the Cambridge District Court, the defendant was advised of the potential immigration consequences of a "conviction," consistent with the requirements of G. L. c. 278, § 29D.[1]

On September 18, 1998, shortly before the expiration of the one-year continuance period, the defendant moved to withdraw his admission to sufficient facts. In support of his motion, he submitted an affidavit stating that, although he had been warned about the immigration consequences of a "conviction," he had not been advised at the time of his admission that the disposi-

---

[1]Although the immigration warnings given by the judge were not a verbatim recitation of the statute, the defendant does not contend that there was any substantive deviation or omission from the warnings prescribed by the statute. See *Commonwealth* v. *Soto,* 431 Mass. 340, 342 (2000).

tion he received (a continuance without a finding followed by dismissal) could be treated as a "conviction" for immigration purposes and thus jeopardize his pending application for citizenship. He claimed that had he been so informed, he would not have made the admission, but instead would have asserted his right to a trial. While that motion was still pending, the defendant reached the one-year anniversary of the continuance without a finding. As there had been no violation of the terms of his continuance during that year, the charge against the defendant was dismissed on October 9, 1998.

On November 10, 1998, the judge denied the defendant's motion to withdraw admission, reasoning that the absence of information concerning the specific application of immigration law to the defendant's continuance without a finding did not undermine the knowing, intelligent, and voluntary waiver the defendant had made, and that his counsel's alleged failure to fully advise him of immigration consequences did not constitute ineffective assistance of counsel. However, recognizing that the language of the immigration warnings specified in G. L. c. 278, § 29D, may provide an inadequate warning in light of changes in Federal immigration law, and that that discrepancy "has implications for many plea colloquies," the judge reported the question to the Appeals Court.

2. *Discussion.* a. *Mootness.* The Commonwealth protests that the reported question is not properly before the court because the dismissal of criminal charges rendered moot any defect in the underlying proceedings. See *Burns* v. *Commonwealth*, 430 Mass. 444, 445-447 (1999); *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993). The Commonwealth also argues that a dismissed case cannot be reported pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1978). See *Commonwealth* v. *Hampe*, 419 Mass. 514, 515 n.1 (1995).

As the Appeals Court noted, "[c]onsideration of the case is complicated by thorny procedural problems." *Commonwealth* v. *Villalobos, supra* at 904. We agree with the Appeals Court, however, that the reported question should be answered "because the defendant raised the issue timely, [and] he should not be penalized because the charge was perfunctorily dismissed prior to the judge's decision on the motion, especially where, as

here, there remain genuine and serious collateral consequences."
*Id.*, citing *Frizado* v. *Frizado*, 420 Mass. 592, 594 & n.2 (1995),
and *Wooldridge* v. *Hickey*, 45 Mass. App. Ct. 637, 638 (1998).
Notwithstanding the dismissal, the defendant's admission may
expose him to unfavorable immigration consequences, and G. L.
c. 278, § 29D, allows a defendant to file a motion "at any
time" precisely so that a defendant may seek to avoid those
consequences. In light of the unique purpose of that statute, and
its provision of a remedy "at any time," the dismissal of the
charge did not render the question moot.[2]

b. *Alien warning.* General Laws c. 278, § 29D, provides:
"The court shall not accept a plea of guilty or nolo contendere
from any defendant in any criminal proceeding unless the court
advises such defendant of the following: 'If you are not a citizen
of the United States, you are hereby advised that conviction of
the offense for which you have been charged may have the
consequences of deportation, exclusion from admission to the
United States, or denial of naturalization, pursuant to the laws
of the United States.' " The statute also specifies the relief to be
accorded to a defendant who does not receive the required
warnings: "If the court fails so to advise the defendant, and he
later at any time shows that his plea and conviction may have
one of the enumerated consequences, the court, on the
defendant's motion, shall vacate the judgment, and permit the
defendant to withdraw the plea of guilty or nolo contendere,
and enter a plea of not guilty." G. L. c. 278, § 29D.

While the statute as worded applies only to "a plea of guilty
or nolo contendere," *id.*, we have long held that it also applies
to a defendant's admission to sufficient facts to warrant a find-
ing of guilty. See *Commonwealth* v. *Rzepphiewski*, 431 Mass.
48, 50 n.3 (2000); *Commonwealth* v. *Jones*, 417 Mass. 661,
662-663 (1994); *Commonwealth* v. *Mahadeo*, 397 Mass. 314,
316-317 (1986). We did so because such admissions are, in
many respects, "the functional equivalent of a guilty plea." *Id.*

---

[2]We further agree with the motion judge that this issue potentially affects
many colloquies. Even if the present case were moot, it would still be ap-
propriate for us to answer the reported question. See *Acting Superintendent of
Bournewood Hosp.* v. *Baker*, 431 Mass. 101, 103 (2000); *Attorney Gen.* v.
*Commissioner of Ins.*, 403 Mass. 370, 380 (1988).

at 316. See *Commonwealth* v. *Duquette*, 386 Mass. 834, 844-846 (1982). While that characterization of an admission to sufficient facts was initially premised on the prior procedures of the two-tier District Court system,[3] it remains accurate under current practice. Pursuant to G. L. c. 278, § 18, a defendant may tender "an admission of facts sufficient for finding of guilt," and "such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section." Those procedures include the procedure utilized here, namely, a continuance without a finding to a specific date, conditioned on compliance with specific terms, at which time the charge will be dismissed. See *Commonwealth* v. *Pyles*, 423 Mass. 717, 721-723 (1996). However, in the event of a violation of those conditions, the "admission" remains and may ripen into an adjudication of guilt and imposition of sentence. See *Commonwealth* v. *Tim T.*, *ante* 592, 596 (2002); *Burns* v. *Commonwealth*, *supra* at 446; Mass. R. Crim. P. 28 (b), 378 Mass. 898 (1979). Thus, where an admission to sufficient facts may lead to either an immediate conviction and sentence, or may do so during the continuance period in the event of a violation of the continuance terms, it remains appropriate to treat an admission to sufficient facts as the equivalent of a plea of guilty for purposes of G. L. c. 278, § 29D.

Here, the defendant does not contend that the judge failed to provide him with the warnings required by G. L. c. 278, § 29D. Nor does he suggest that the warnings he received during his colloquy deviated in any substantive respect from the wording specified in the statute. Rather, the defendant argues that the terms of the alien warning prescribed by the Legislature are

---

[3]In *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 315 (1986), the defendant had waived his right to a first-instance jury trial, admitted to sufficient facts to warrant a finding of guilty, and then not pursued an appeal for a trial de novo. While an admission to sufficient facts under that system still left a defendant with a right of appeal for a trial de novo, the failure to pursue that appeal transformed the prior admission into "the functional equivalent of a guilty plea." *Id.* at 316. Similarly, in *Commonwealth* v. *Jones*, 417 Mass. 661, 662 (1994), we reasoned that the defendant's admission to sufficient facts accompanied by his express waiver of his right to trial de novo entitled the defendant to receive the immigration warnings provided by G. L. c. 278, § 29D. The system of trial de novo was abolished effective January 1, 1994. St. 1992, c. 379, §§ 193, 226, as amended by St. 1993, c. 12, § 9.

"actively misleading" when given to defendants who admit to sufficient facts in conjunction with a continuance without a finding, because the warnings speak only of the immigration consequences of a "conviction." As worded, the warnings at least imply that a disposition short of "conviction" — i.e., a continuance without a finding leading to the ultimate dismissal of the charge — does not carry similar consequences.

An admission to sufficient facts followed by a continuance without a finding is not a "conviction" under Massachusetts law. See *Commonwealth* v. *Jackson*, 45 Mass. App. Ct. 666, 670 (1998) (admission to sufficient facts followed by continuance without finding is not "conviction" for purposes of statute allowing impeachment by prior convictions). Indeed, one of the purposes underlying the disposition of continuance without a finding is to allow a deserving defendant to "avoid[] the consequences of having a criminal conviction." *Commonwealth* v. *Pyles, supra* at 722 n.7, quoting *Commonwealth* v. *Duquette*, 386 Mass. 834, 843 (1982). At the time that G. L. c. 278, § 29D, was enacted by St. 1978, c. 383, Federal immigration law looked to State law for purposes of determining whether an alien had a "conviction" of a crime. See *Matter of L R*, 8 I. & N. Dec. 269, 270 (BIA 1959). Thus, an admission to sufficient facts in order to obtain a continuance without a finding did not, absent a violation of the continuance terms, result in a "conviction" for Federal immigration purposes.

However, in 1988, the board of immigration appeals held that an alien acquired a "conviction" for immigration purposes whenever the alien "admitted sufficient facts to warrant a finding of guilty," the judge imposed "some form of punishment, penalty, or restraint on the person's liberty," and an adjudication of guilt could be entered in the event of violation of the court's terms "without availability of further proceedings regarding the person's guilt or innocence of the original charge." *Matter of Ozkok*, 19 I. & N. Dec. 546, 551-552 (BIA 1988). See *Yanez-Popp* v. *United States Immigration & Naturalization Serv.*, 998 F.2d 231, 234-236 (4th Cir. 1993); *Molina* v. *Immigration & Naturalization Serv.*, 981 F.2d 14, 18 (1st Cir. 1992). In 1996, Congress amended the Immigration and Nationality Act to add a definition of "conviction" for purposes of immigration proceedings:

"The term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where —

"(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

"(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed."

8 U.S.C. § 1101(a)(48)(A) (2000). As a result of these changes to Federal immigration law, an admission to sufficient facts followed by a continuance without a finding now constitutes a "conviction" whenever the terms of the continuance include any "restraint on the alien's liberty,"[4] notwithstanding the fact that the underlying charge has been or will be dismissed. *Id.* See *Moosa* v. *Immigration & Naturalization Serv.*, 171 F.3d 994, 1001-1002 (5th Cir. 1999).

Given this difference between State law and Federal immigration law, and a lay person's likely perception that a continuance and "dismissal" of a charge is not a "conviction" of that charge, the defendant contends that the alien warnings in G. L. c. 278, § 29D, are "actually worse than no notice at all." They are misleading; they give an alien making such an admission a false sense of comfort; and, if anything, they reinforce the erroneous belief that an admission to sufficient facts in order to obtain a continuance and ultimate dismissal is in the alien's best interest because it will *avoid* the very thing — a "conviction" — that may have such devastating immigration consequences.

We agree that, under current immigration law, the warning specified by the statute is inadequate, and even potentially misleading. However, we are bound by the terms of the statute. The Legislature has prescribed the warnings that are to be given, and if the Legislature's precisely worded warnings have failed

---

[4]The defendant cites to no authority indicating whether the requirement that he attend a particular counselling program and that he obey any existing protective orders would constitute a "restraint on [his] liberty" within the meaning of 8 U.S.C. § 1101(a)(48)(A)(ii). The Commonwealth does not contest the point, and we therefore assume that the disposition of the defendant's case could be treated as a "conviction" that "may" result in a denial of his application to become a naturalized citizen. G. L. c. 278, § 29D.

to keep pace with changes in immigration law, it is for the Legislature to update those warnings. "We are not free to ignore or to tamper with that clear expression of legislative intent. If the law is to be changed, the change can only be made by the Legislature." *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994). While nothing in the statute prevents judges from taking steps to avoid any misunderstanding as to the consequences of an admission to sufficient facts followed by a continuance without a finding (i.e., by telling defendants receiving that disposition that immigration authorities may treat their admission to sufficient facts as a "conviction" notwithstanding the later dismissal of the charge), judges are not required to expand on the warnings prescribed by the Legislature. Here, the judge conducting the defendant's colloquy gave the warnings required by the Legislature. Where the judge did so, the defendant may not avail himself of the remedy the Legislature prescribed for any failure to give those statutory warnings. G. L. c. 278, § 29D.

The immigration consequences resulting from disposition of a criminal charge are "collateral and contingent consequences of a plea, and, but for G. L. c. 278, § 29D, . . . there would be no obligation on a judge to warn or inform the defendant of such consequences in order to render the plea a voluntary and intelligent one." *Commonwealth* v. *Hason*, 27 Mass. App. Ct. 840, 843 (1989), citing *Commonwealth* v. *MacNeil*, 23 Mass. App. Ct. 1022, 1024 (1987). See *Commonwealth* v. *Medeiros*, 48 Mass. App. Ct. 374, 375-376 (1999). See also *Commonwealth* v. *Quispe*, 433 Mass. 508, 513 (2001). Thus, the judge's failure to provide advice beyond that specified in the statute does not serve to undermine the knowing and voluntary nature of the defendant's admission to sufficient facts.

While there is merit to the defendant's argument that the statutory form of the immigration warnings *could* literally be misleading in a manner that would pressure a defendant to admit to sufficient facts in order to avoid the immigration consequences of a "conviction," he does not claim that the use of that language during his colloquy was the source of any such misunderstanding on his part. Nor does he contend that the colloquy pressured him to admit to sufficient facts and accept the

continuance without a finding in lieu of trial. Instead, his affidavit claims only that the court and his attorney advised him that a "conviction" would have adverse immigration consequences, and that "[h]ad [he] been informed of the adverse immigration ramifications of [his] admission and continuance without a finding, [he] unquestionably would have exercised [his] constitutional right to a trial." Such an argument merely invokes what has long been recognized as a collateral consequence of a plea. See *Commonwealth* v. *Medeiros, supra*; *Commonwealth* v. *Hason, supra*; *Commonwealth* v. *MacNeil, supra*. See also *Commonwealth* v. *Quispe, supra*. A defendant's regret, in hindsight, that he was not made aware of that collateral consequence at the time of his plea does not suffice to vacate his plea of guilt or admission to sufficient facts.

As the Appeals Court recognized, "[d]ifficulties such as those presented here will continue to arise so long as the immigration warnings required by our State statute do not encompass changes in Federal immigration law." *Commonwealth* v. *Villalobos*, 52 Mass. App. Ct. 903, 904-905 (2001). In their current form, the warnings prescribed by the Legislature can be misinterpreted to advise a defendant that admission to sufficient facts in order to obtain a continuance without a finding is the way to avoid a "conviction" and thereby avoid adverse immigration consequences. Given that the entire purpose of the statute is to see to it that defendants are made aware of the potential for adverse immigration consequences, it would be a perversion of that purpose to allow the warnings to become instead a false assurance that there will be no such consequences from an admission, continuance without a finding, and dismissal. At least in theory, and perhaps for some defendants in reality, such false assurances could pressure a defendant to admit to sufficient facts for the express but mistaken purpose of avoiding immigration consequences. While such a defendant could not invoke the automatic remedy provided by the statute, we cannot rule out the possibility that such false information might detract from the knowing and voluntary nature of a defendant's admission to sufficient facts. Judges are not required to provide a defendant with advice concerning the application of immigration law to that defendant's particular situation. However, where

an admission to sufficient facts is the predicate to a continuance without a finding, we recommend that judges provide a slight amplification to the statutory warnings to avoid any potential for misleading such a defendant.[5]

We therefore answer the reported question, "No."


IRELAND, J. (dissenting). I respectfully dissent from the court's conclusion that G. L. c. 278, § 29D, does not require judges to inform defendants that an admission of sufficient facts followed by a continuance without a finding has the same immigration consequences as a conviction. I do so because the warnings as they now read are unfair and misleading, and are contrary to common sense and legislative intent. As the court acknowledges, alien warnings that track the statute verbatim are "inadequate, and even potentially misleading," in light of current immigration law. *Ante* at 803.

The alien warnings set forth in the statute are intended "to assure that a defendant knows that a plea of guilty may have an effect on his alien status." *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 666 (1989). As the court explains, due to changes in Federal immigration law after G. L. c. 278, § 29D, was enacted, a continuance without a finding now triggers the same immigration consequences as a conviction. *Ante* at 802-803. However, there is no reason to believe that a lay person would know that a continuance without a finding is treated as a conviction for immigration purposes even where the charges are eventually dismissed. In fact, as the court explains, "one of the purposes underlying the disposition of continuance without a finding is to allow a deserving defendant to 'avoid[] the consequences of having a criminal conviction.' " *Ante* at 802, quoting *Commonwealth* v. *Pyles*, 423 Mass. 717, 722 n.7 (1996). Thus, as the court acknowledges, the warnings "can be

---

[5]The following addition to the prescribed statutory warning should suffice: "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged, *or your admission to sufficient facts to warrant a finding of guilty of the offense for which you have been charged,* may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

misinterpreted to advise a defendant that admission to sufficient facts in order to obtain a continuance without a finding is the way to avoid a 'conviction' and thereby avoid adverse immigration consequences." *Ante* at 805. The fact that the court goes so far as to recommend language to clarify the warnings further suggests that the court is aware that using the exact words of the statute is gravely misleading. See *ante* at 806 n.5. It defies common sense to think that a Legislature concerned with warning defendants of potential immigration consequences would intend to perpetrate such a misunderstanding.

I do not agree with the court that it would impermissibly "change" the statute (see *ante* at 804) to require judges to inform defendants that an admission to sufficient facts to warrant a finding of guilty may lead to deportation, exclusion from admission to this country, or denial of naturalization. This court clearly has the authority to interpret the precise wording of a statute in order to follow legislative intent and avoid an outcome that is antithetical to the purpose of the statute. See, e.g., *Sullivan* v. *Brookline*, 435 Mass. 353, 360 (2001) ("A fundamental tenet of statutory interpretation is that statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result"). As the Appeals Court noted, "[t]he exact language of the warning is not crucial; what is important is that the purpose of the statute be satisfied . . . ." *Commonwealth* v. *Hason*, 27 Mass. App. Ct. 840, 843-844 (1989). But see *Commonwealth* v. *Soto*, 431 Mass. 340, 342 (2000), quoting *Commonwealth* v. *Lamrini, supra* at 667 ("[t]he better practice would have been for the judge to read directly from the statute [the advisement contained therein]").

Moreover, this court has previously interpreted the alien warnings provision broadly, so as to comply with the statute's purpose. See *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 316-317 (1986). General Laws c. 278, § 29D, provides that a judge must give the alien warnings when accepting "a plea of guilty or nolo contendere." The statute "does not expressly govern, admissions to sufficient facts, which technically are not pleas at all." *Commonwealth* v. *Mahadeo, supra* at 316. Nevertheless, this court found that the warnings must apply to admissions to

sufficient facts, because such admissions are "the functional equivalent of a guilty plea for purposes of G. L. c. 278, § 29D." *Id.* Furthermore, this court found that to hold otherwise would "defeat the intended statutory purpose." *Id.* at 317. I believe that just as this court found in the *Mahadeo* case, so too should we find that a judge must warn defendants that admissions to sufficient facts have the same immigration consequences as convictions. See *id.*

As the court acknowledges, "it would be a perversion of [the statute's] purpose to allow the warnings to become instead a false assurance that there will be no [immigration] consequences from an admission, continuance without a finding, and dismissal." *Ante* at 805. I believe that given the changes in Federal immigration law, the only way to comply with the intent of the Legislature is to require judges to inform defendants that an admission to sufficient facts may have immigration consequences. See *ante* at 806 n.5 (suggesting model language for warning).

In sum, I believe that the court's decision does a disservice to the intention of the statute, and endorses an unfair and misleading practice. I do not agree with the court that we are without power to address this problem. I would urge the Legislature to act immediately to correct the result reached by the court's decision.