Connolly, Thomas E., J.
This civil action under G.L.c. 30A, §14 is brought by the plaintiff, Michael Santos (“Santos”), for judicial review of a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board”) dated May 4, 2011. The Registrar of Motor Vehicles (“Registrar”) had suspended Santos’ driver’s license for three years, and Santos took an appeal to the Board, which after hearing, affirmed the action of the Registrar.
BACKGROUND
On May 9, 2002, Santos was arrested for operating a motor vehicle while under the influence of alcohol (“OUI”) in violation of G.L.c. 90, §24(l)(a)(l). On June 4, 2002, in Palmer District Court, Santos admitted to sufficient facts to warrant a finding of guilty for the OUI charge. Under G.L.c. 90, §24D, Santos was placed on probation for one year, assigned to an alcohol education program, and required to pay a fine and a surfine. The case was continued without a finding (“CWOF”) until June 3, 2003 and was dismissed on December 16, 2003.
Santos was arrested again for OUI on September 25, 2010 in Brighton. Santos refused to submit to a Breathalyzer test. Citing G.L.c. 90, §24(l)(f)(l), the Registrar immediately suspended Santos’ driver’s license for a period of three years.
Santos appealed the Registrar’s decision to the Board, claiming that the 2002 admission to sufficient facts and CWOF is not a “conviction” within the meaning of G.L.c. 90, §24(1)(f)(1) that would trigger the enhanced penalty[1] for refusing a Breathalyzer test.
The Board determined that a CWOF is a “conviction” for purposes of the enhanced penalty under G.L.c. 90, §24(l)(f)(l). The Board pointed out that in 2005, the Legislature passed “Melanie’s Law,” which increased penalties for drunk drivers because it was “necessary for the immediate preservation of the public safely.” St. 2005, c. 122. The amendments passed by the Legislature in 2005 included an increase in the license suspension periods in G.L.c. 90, §24(l)(f)(l) for persons who refuse to submit to a chemical analysis at the time of arrest and who have been previously convicted of an OUI. The Board stated that:

It defies logic that the Legislature would proceed with emergency legislation that significantly enhanced the penalties of driving drunk, only to weaken the mandate by failing to include a CWOF as a prior OUI offense.

(Emphasis in original.)
DISCUSSION
Santos, as the appealing party, bears the burden of demonstrating the invalidity of the board’s decision. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the board’s decision, “[t]he interpretation of a statute by the agency charged with primary responsibility for administering it is entitled to substantial deference.” Gateley’s Case, 415 Mass. 397, 399 (1993); see Berrios v. Department of Public Welfare, 411 Mass. 587, 595 (1992) (noting that an administrative agency has “considerable leeway in interpreting a statute it is charged with enforcing”).
The question to be decided here is whether Santos’ 2002 admission to sufficient facts to warrant a finding of guilty, CWOF, and eventual dismissal of the case constitutes a previous “conviction” under G.L.c. 90, §24(l)(f)(l) and allows for a three-year license suspension for his refusal to take a Breathalyzer test on September 25, 2010.
Chapter 90, §24(l)(f)(l) provides that
Whoever operates a motor vehicle upon any way or in any place to which the public has right to access .. . shall be deemed to have consented to submit to a chemical test or analysis of his breath or blood in the event that he is arrested for operating a motor vehicle while under the influence of intoxicating liquor ... If the person arrested refuses to submit to such test of analysis ... no such test or analysis shall be made and he shall have his license or right to operate suspended ... for a period of 180 days; provided, however, that any person . . . who has been previously convicted of a violation under this section . .. shall have his license or right to operate suspended forthwith for a period of 3 years for such refusal. . .
*150 Chapter 90, §24(l)(d) defines the term “conviction” as follows:
For purposes of subdivision (1) of this section, a person shall be deemed to have been convicted if he pleaded guilty or nolo contendere or was found or adjudged guilty by a court of competent jurisdiction, whether or not he was placed on probation without sentence or under a suspended sentence or the case was placed on file . . .
Massachusetts Rule of Criminal Procedure 12(a)(2) provides that “[i]n a District Court, a defendant may, after a plea of not guilty, admit to sufficient facts to warrant a finding of guilty.” The defendant may then request a specific disposition, including that a guilty finding not be entered and that the court continue the case without a finding of guilt. G.L.c. 278, §18. If the court grants the CWOF, the case will be continued until a later date when it will be dismissed, provided that the defendant complies with specific conditions set by the court. Id. Thus, the nature of an admission to sufficient facts to warrant a finding of guilty followed by a CWOF produces a result that “falls somewhere between guilt and complete innocence.” Commonwealth v. Norwell, 423 Mass. 725, 726 (1996) (“Part of the disposition (finding of sufficient facts) suggests the defendant’s guilt, while the remaining part (continuance without formal finding of guilt for eventual dismissal) allows the defendant to have the entire slate wiped clean if there is compliance with any terms imposed in connection with the continuance and no other criminal misconduct. The disposition might aptly be described as making the criminal charge ‘evanescent’ — here today, but gone in the future”).
The court cannot imagine, given the purpose of Melanie’s Law, which increased penalties for drunk drivers, that the Legislature intended a defendant’s admission of sufficient facts to warrant a finding of guilty not to trigger the enhanced penally under G.L.c. 90, §24(l)(f)(l). As the Board stated: “It defies logic and common sense that the Legislature would draft and enact emergency legislation designed to significantly increase sanctions for the refusal of the breathalyzer, while creating a selective omission that drastically weakens the original intent.”
This interpretation is supported by the usual treatment of an admission to sufficient facts to warrant a finding of guilly as a plea of guilty. See Luk v. Commonwealth, 421 Mass. 415, 418 n.6 (1995) (OUI case); see also G.L.ch. 278, §18 (“If a defendant. . . attempts to enter a plea or statement consisting of an admission of facts sufficient for a finding of guilt, or some similar statement, such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section”); Commonwealth v. Furr, 454 Mass. 101, 101 n.1 (2009); Mateo v. U.S., 398 F.3d 126, 128 n.3 (1st Cir. 2005) (interpreting state law); U.S. v. Morillo, 178 F.3d 18, 21 (1st Cir. 1999) (same); Kent B. Smith, Criminal Practice and Procedure, Mas--sachusetts Practice, Vol. 30A, §23.12, p. 282-83 (3rd Ed., 2007); see also Mass.R.Crim.P. 12(a)(2), Reporter’s Notes (2004 rev.) (defendant’s offer to admit to sufficient facts triggers essentially same safeguards required when defendant offers to plead guiliy).[2]
Santos argues that since the words “admission to sufficient facts” do notappear in Chapter 90, §24(l)(d), the Legislature must have meant to exclude it as a trigger for the enhanced suspension. The simple answer to Santos’ argument is that “admission to sufficient facts” does not need to be in the statute because it has been consistently held that an admission to sufficient facts to warrant a finding of guilty is treated as a plea of guilty. See Furr, 454 Mass. at 101 n.1; Luk, 421 Mass at 418 n.6; Mateo, 398 F.3d at 128 n.3; Morillo, 178 F.3d at 21. The Legislature is presumed to be aware of existing law and prior decisions of appellate courts when it enacts legislation. See Providence and Worcester R.R. Co. v. Energy Facilities Siting Bd., 453 Mass. 135, 144 (2009). Thus, this Court assumes that the Legislature knew of G.L.c. 278, §18 and the Supreme Judicial Court’s interpretation of an admission to sufficient facts as being tantamount to a guilty plea and there was no need to add “admission to sufficient facts” to the definition of “conviction.” The court finds that the Board reasonably interpreted the language of G.L.c. 90, §24(l)(f)(l) and §(l)(d) as including an admission to sufficient facts followed by a CWOF as a “conviction” for purposes of the enhanced license suspension.
ORDERS
After hearing and review of all submissions, the Court enters the following ORDERS:
1. The plaintiff, Michael Santos’ Motion for Judgment on the Pleadings under Mass.R.Civ.P. 12(c) is DENIED.
2. The Decision, Findings and Order of the Defendant, Board of Appeal on Motor Vehicle Liability Policies and Bonds dated March 30, 2011 is AFFIRMED.
3. Judgment shall be entered for the Defendant, Board of Appeal on Motor Vehicle Liability Policies and Bonds.

A three-year suspension instead of a 180-day suspension.

But see Commonwealth v. Villalobos, 437 Mass. 797 (2002) (dealing with immigration warnings under G.L.c. 278, §29D). In Villalobos, the SJC distinguished between an “admission” where the conditions of the CWOF have yet to be complied with and an “admission” where the conditions of the CWOF have been complied with and the charge has been dismissed. Id. at 800-02. Specifically, if a defendant violates the conditions of the CWOF, his “admission” may “ripen into an adjudication of guilt and imposition of sentence.” Id. at 801. ‘Thus, where an admission to sufficient facts may lead to either an immediate conviction and sentence, or may do so during the continuance period in the event of a violation of the continuance terms, it remains appropriate to treat an admission to sufficient facts as the equivalent of a plea of guilty for purposes of G.L.c. 278, §29D." Id. However, “an admission to sufficient facts in order to obtain a continuance *151 without a finding [does] not, absent a violation of the continuance terms, result in a ‘conviction’ for Federal immigration purposes.” Id. at 802. See also Commonwealth v. Bartos, 57 Mass.App.Ct. 751, 756 (2003) (“A conflating of admission to facts with guilty plea is also suggested by the occasional characterization of admission to facts as the ‘functional equivalent’ of a guilty plea . . . But perhaps the reference .. . should be read as shorthand for admission followed by finding and sentence for breach of the conditions of continuance”); Commonwealth v. Bergquist, 51 Mass.App.Ct. 53, 56 (2001) ("[A] continuation without a finding differs from a conviction . . . Until such time as a finding of guilty is entered on the docket, there is no conviction. If the defendant had complied with the conditions imposed, the complaint would have been dismissed and he would have avoided the consequences of a criminal conviction on his record”).