The defendant admitted to facts sufficient to support a finding of guilty on charges of uttering a false prescription and conspiracy to violate the Controlled Substances Act; he later filed a motion to withdraw his admission. He now appeals from the order denying that motion, arguing that the admission was not knowing and intelligent, because the judge failed to advise him properly of the potential immigration consequences of such an admission, as required by G. L. c. 278, § 29D. We affirm.
On June 21, 2012, the defendant admitted to sufficient facts on the two charges, and the case was continued without a finding. The defendant was placed on probation, with certain conditions, until the charges were dismissed on April 23, 2013. More than three years later, on June 14, 2016, the defendant filed a motion to withdraw his admission. He alleged that the § 29D warning provided did not comply with the statutory language in effect at that time. Specifically, he claimed that, although the warning may have complied with the previous (pre-2004) version of the statute, what he described as the outdated language failed to advise the defendant explicitly that an admission to sufficient facts could result in immigration consequences.
The defendant also argued that, according to the Immigration and Customs Enforcement (ICE) official November, 2014, memorandum entitled "Policies for the Apprehension, Detention and Removal of Undocumented Immigrants" (ICE memo), his convictions place him, as a noncitizen of the United States, into the highest priority level for deportation. At the time his motion was heard, however, the defendant was not being detained by ICE awaiting deportation, nor was there evidence that detention was imminent or that any such proceeding had begun. After a hearing on July 22, 2016, the motion judge, who was also the plea judge, denied the motion, providing thorough written findings. The defendant timely appealed.
"A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass.R.Crim.P. 30(b) [, as appearing in 435 Mass. 1501 (2001) ]." Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016), quoting from Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). When a defendant appeals the denial of his motion for new trial, we review "only to determine whether there has been a significant error of law or other abuse of discretion." Ibid., quoting from Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015). Substantial deference is given to a decision on a rule 30(b) motion "when the judge passing on the motion is the same judge who heard the plea."Ibid., quoting from Commonwealth v. Grant, 426 Mass. 667, 672 (1998).
The defendant does not contend that the plea judge failed to provide an immigration warning of any sort. Rather, he argues that the warning was inadequate because the judge failed to use the words "admission to sufficient facts" in the immigration warning. The warning prescribed by the statute is this: "If you are not a citizen of the United States, you are hereby advised that the acceptance by this court of your plea of guilty, plea of nolo contendere, or admission to sufficient facts may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States." G. L. c. 278, § 29D, as amended by St. 2004, c. 225, § 1. Section 2 of the 2004 amendment requires that the warning specifically refer to admissions to sufficient facts, as well as to guilty pleas and pleas of nolo contendere that occur after the effective date of the act (October 27, 2004). Compare Commonwealth v. Villalobos, 437 Mass. 797, 800 (2002), decided before the amendment, where the court noted that failure to include the words "admission to sufficient facts" in the statutory warning did not suffice to permit the defendant to withdraw his admission.[2]
In the present case, according to the transcript of the plea hearing, on several occasions the judge explicitly informed, or asked the defendant if he understood, that "by admitting today" to the facts read by the prosecutor, he was giving up his right to trial by judge or jury, his right to be presumed innocent, and his right to have the Commonwealth prove, beyond a reasonable doubt, the charges against him. As to possible immigration consequences, the judge said, "You understand, sir, that if you are not a citizen of the United States, you could suffer deportation, denial of naturalization, or exclusion or reentry into the United States .... Do you understand that sir?" After receiving affirmative responses from the defendant to each question posed, the judge concluded that the defendant's admission was "knowingly, voluntarily, and intelligently made."[3] Significantly, this warning did not imply that only a plea of guilty could produce the unfavorable immigration consequences, but rather informed the defendant specifically that the action he was taking could indeed cause him to "suffer deportation, denial of naturalization, or exclusion." For that reason, we are satisfied that the warning provided was adequate.
The defendant also contends that submitting the ICE memo was sufficient to show that he faces an active threat of deportation at this time. However, given that we are satisfied that the defendant received proper immigration warnings, as required by the statute, that argument is irrelevant. Moreover, even if the statutory warning given was somehow inadequate, the defendant's submission of the ICE memo, without additional evidence that he actually is facing the prospect of deportation, would have been insufficient. "Where the defendant claims that he faces a risk of deportation, we construe the statute to require that relief be available only where the defendant shows either that the Federal government has taken some step toward deporting him or that its express written policy calls for the initiation of deportation proceedings against him." Commonwealth v. Grannum, 457 Mass. 128, 136 (2010). "This standard is appropriate where the immigration consequence is deportation because, as the [ICE] memorandum makes clear, far more noncitizens are deportable than ICE has the resources to deport, so the risk of deportation is hypothetical even for a noncitizen who is deportable until there is evidence that ICE has decided or will decide to initiate deportation proceedings." Commonwealth v. Valdez, 475 Mass. 178, 184 (2016). As a result, we agree with the judge that the defendant's submission was insufficient.
Order denying motion for new trial affirmed.

"While the statute as worded applies only to 'a plea of guilty or nolo contendere,' [G. L. c. 278, § 29D, the court has] long held that it also applies to a defendant's admission to sufficient facts to warrant a finding of guilty.... [The court] did so because such admissions are, in many respects, 'the functional equivalent of a guilty plea.' " Villalobos, supra, quoting from Commonwealth v. Mahadeo, 397 Mass. 314, 316 (1986). In addition, the court agreed that, "under [then] current immigration law, the warning specified by the statute [was] inadequate, and even potentially misleading." Id. at 803. Nonetheless, the court concluded that it was "bound by the terms of the statute, ... [and that] [t]he immigration consequences resulting from disposition of a criminal charge are 'collateral and contingent consequences of a plea, and, but for G. L. c. 278, § 29D, ... there would be no obligation on a judge to warn or inform the defendant of such consequences in order to render the plea a voluntary and intelligent one.' Commonwealth v. Hason, 27 Mass. App. Ct. 840, 843 (1989)." Id. at 804.

Because the transcript of the colloquy is available for our review, the tender of plea form, the "green sheet," included in this record does not control our analysis. Compare Commonwealth v. Hilaire, 437 Mass. 809, 818 (2002) (in the event inadequate warnings are given, "the preprinted form does not, by itself, fulfill the statutory command of G. L. c. 278, § 29D," to cure the defect). Contrast Commonwealth v. Marques, 84 Mass. App. Ct. 203, 205-206 (2013) (no transcript of the plea colloquy was available; thus, reversal was based on the outdated language contained in the green sheet). Moreover, we note that here, the green sheet signed by the defendant at the time of the plea in fact included the required language confirming that the defendant had decided to "plead guilty, or admit to sufficient facts, freely and voluntarily upon the conditions which [he had] tendered in [s]ection I. [His] guilty plea or admission [was] not the result of force or threats, promises or other assurances."