SUPREME JUDICIAL COURT 
 
 COMMONWEALTH vs. JAVIER TORRES

 
 Docket:
 SJC-13556
 
 
 Dates:
 December 6, 2024
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Alien. Practice, Criminal, Admission to sufficient facts to warrant finding, Assistance of counsel, New trial, Judicial discretion.
 
 

      The defendant appeals from the denial of his renewed motion to withdraw an admission to sufficient facts.  Concluding that the motion judge abused his discretion in conducting the prejudice analysis, we vacate the denial of the defendant's renewed motion and remand this matter to the District Court for further proceedings consistent with this opinion.
     Background.  In 1999, the defendant admitted to sufficient facts to support a finding of guilty on one count of distribution of a class A substance, G. L. c. 94C, § 32 (a), pursuant to an agreed upon disposition with the Commonwealth.  Twenty-two years later,[1] the defendant filed a motion for a new trial (initial motion), requesting to withdraw his admission on the basis of plea counsel's failure to inform him that the admission would subject him to mandatory deportation from the United States.[2]  The defendant submitted an affidavit in which he averred that, had he been informed of the consequences, he would have insisted on going to trial due to his "roots in the United States and [his] family situation."  As set forth in the affidavit, the defendant came to the United States in 1990, became a legal permanent resident in 1994, and owns a home here with his wife, who is an American citizen.  The defendant's two adult children, ages eighteen and twenty-four in 2021, live here and are also American citizens.  Additionally, the defendant has two siblings who reside here, and who lived in the United States at the time of his plea.  The affidavit also stated that the defendant has "consistently worked" as a welder in the United States, including at the time of his plea.
     The defendant's initial motion was denied without prejudice, in light of his failure to include an affidavit from plea counsel.  The following day, the defendant filed a renewed motion for a new trial -- captioned as a "motion to reconsider" the denial of his initial motion -- along with the necessary affidavit from plea counsel.
     A judge in the District Court, who was not the plea judge, denied the defendant's renewed motion after a nonevidentiary hearing.  In a written memorandum of decision, the motion judge concluded that the defendant had met his burden of demonstrating that plea counsel was constitutionally ineffective but had failed to establish that he suffered prejudice as a result, citing Commonwealth v. Clarke, 460 Mass. 30 (2011).  On appeal, a panel of the Appeals Court affirmed the denial of both motions in an unpublished memorandum and order pursuant to its rule 23.0.  Commonwealth v. Torres, 103 Mass. App. Ct. 1108 (2023).  Thereafter, we granted the defendant's application for further appellate review.
     Discussion.  We review the denial of a defendant's motion for a new trial for a significant error of law or other abuse of discretion.  See Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015).  "While the defendant bears the burden of proof on a motion for a new trial, and the motion judge is entitled to discredit affidavits, . . . the motion judge must make 'such findings of fact as are necessary to resolve the defendant's allegations of error of law.'"  Commonwealth v. Henry, 88 Mass. App. Ct. 446, 451 (2015), quoting Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  Here, the parties do not dispute that plea counsel was constitutionally ineffective in failing to advise the defendant of the immigration consequences of pleading guilty.  Thus, the only question at issue on appeal is whether the motion judge abused his discretion in assessing whether the defendant established prejudice from plea counsel's ineffectiveness.
     Where, as here, an ineffectiveness claim is based on plea counsel's failure to provide advice on the immigration consequences of pleading guilty, a defendant establishes prejudice by (1) averring that, had he been advised of the immigration consequences, he would have insisted on going to trial; and (2) showing that such a decision would have been rational under the circumstances.  See Lavrinenko, 473 Mass. at 55.  In order to assess whether the defendant has made the latter showing, the judge must "determine, based on the credible facts, whether there is a reasonable probability that a reasonable person in the circumstances of the defendant would have chosen to go to trial" if given constitutionally effective advice.  Id.  This entails a two-step inquiry.  See Commonwealth v. Lys, 481 Mass. 1, 7 (2018).
     First, the court determines whether the defendant has established the presence of a so-called Clarke factor.  Lys, 481 Mass. at 7.  Relevant here, one such factor is the presence of "special circumstances supporting the conclusion that the defendant placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty" (quotations and citation omitted).[3]  Id.  If the defendant has made this showing, the court "must move to the second step and evaluate whether, under the totality of the circumstances, there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice."  Id. at 7-8.  In making this determination, the court "must take into account the particular circumstances informing the defendant's desire to remain in the United States" (citation omitted).  Lavrinenko, 473 Mass. at 58.
     Here, the stated basis for the motion judge's ruling was his determination that, in light of the strength of the evidence and the risks of going to trial, "the [c]ourt cannot find . . . that the [d]efendant would still not have pleaded guilty."  Insofar as this statement reflected a credibility determination by the motion judge, it was not a permissible basis for denying relief.  See Lavrinenko, 473 Mass. at 55 n.16 (although "[motion] judge may evaluate the credibility of the defendant and other witnesses in determining the facts, . . . judge does not evaluate the credibility of the defendant's assertion that he or she would have gone to trial").  Indeed, "a judge cannot evaluate whether the defendant is telling the truth about a decision the defendant never made."  Id.  Rather, the court is required to "evaluate [the defendant's] assertion under a reasonable person standard."  Id.  The motion judge's apparent failure to do so constitutes an abuse of discretion.  Contrast Clarke, 460 Mass. at 49 (affirming denial of motion for new trial where defendant failed to aver that he would have insisted on going to trial, and failed to "explain, let alone demonstrate," why such a decision would have been rational).
     The record below does not provide an adequate basis for assessing whether denial of the renewed motion would constitute an abuse of discretion under the two-step, reasonable person standard outlined above.  See Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997).  The motion judge's findings as to the existence of special circumstances are somewhat ambiguous.  While the memorandum of decision initially characterizes the defendant's ties to the United States as "claimed" special circumstances, it goes on to conclude that the defendant failed to establish prejudice "[n]otwithstanding the special circumstances detailed above."  The decision also recites the defendant's asserted ties to the United States uncritically, suggesting that the motion judge credited those averments within the defendant's affidavit.  However, it is unclear whether a number of these asserted ties existed in 1999, when the defendant entered his plea.  See Commonwealth v. Cano, 87 Mass. App. Ct. 238, 243 n.10 (2015) ("the test for prejudice examines the choice the defendant would have made at the time he entered the plea, had he been properly advised" [emphasis added]).[4]  Because the record is unclear on this point, and because the articulated basis for denying the defendant's renewed motion was erroneous, remand is necessary for further findings.  See Henry, 88 Mass. App. Ct. at 457 ("without findings of fact that address the defendant's specific contentions, particularly regarding special family circumstances, it is not possible for us to say with any certainty whether the defendant's affidavit is merely self-serving or whether he was sufficiently prejudiced to justify vacating his guilty plea and ordering a new trial" [quotations and citations omitted]).  See also Lys, 481 Mass. at 8 (ordering remand where it was unclear from motion judge's decision "whether the judge disbelieved the defendant's affidavits as they pertained to the special circumstances analysis or whether he decided that the defendant did not aver any facts that, even if believed, would qualify as special circumstances").  Cf. Commonwealth v. Balthazar, 86 Mass. App. Ct. 438, 444 (2014) (given defendant's showing of Clarke factors, remand necessary to assess question of prejudice).
     On remand, the motion judge should enter findings on the question whether the defendant has shown the existence of special circumstances.  The existence of special circumstances "requires only a finding that the defendant 'placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty,'" but any such finding must be based on the conditions that existed at the time of the plea.  Lys, 481 Mass. at 10, quoting Clarke, 460 Mass. at 47-48.  See Cano, 87 Mass. App. Ct. at 244 n.10.  If the motion judge finds that the defendant has met this burden, the judge must then determine whether "there is a reasonable probability that a reasonable person in the defendant's circumstances would have gone to trial if given constitutionally effective advice."  Lys, supra at 7-8.  In conducting this analysis, the judge may consider, inter alia, "the defendant's assessment of success at trial," as well as "the risks of going to trial rather than pleading guilty" and "the defendant's deportability on acquittal."  Id. at 11.  However, "[i]n answering this question, the judge should remember that, for some defendants, even a small chance of acquittal may be sufficient to show that it was reasonably probable that a person in the position of the defendant would have rejected the plea and insisted on going to trial" (quotations and citation omitted).  Id. at 10-11 & n.8 (noting that defendant may rationally favor pursuing "Hail Mary" at trial when facing dire immigration consequences).
     Conclusion.  For the reasons stated, the order entered June 17, 2022, denying the defendant's motion to reconsider the denial of his motion for a new trial, is vacated, and the matter is remanded for further proceedings consistent with this opinion.
So ordered.
     The case was submitted on briefs.
     Dana J. Gravina for the defendant.
     Erin Knight, Assistant District Attorney, for the Commonwealth.
footnotes

     [1] The record does not indicate the reason for the lengthy delay between the defendant's admission to sufficient facts and his filing of a motion to withdraw that admission.  At oral argument before the Appeals Court, defense counsel represented that the defendant had been prompted to file the motion because of recent immigration issues, but counsel did not elaborate further.
     [2] An admission to sufficient facts to warrant a finding of guilty is, "in many respects, 'the functional equivalent of a guilty plea,'" Commonwealth v. Villalobos, 437 Mass. 797, 800 (2002), quoting Commonwealth v. Mahadeo, 397 Mass. 314, 316 (1986), and can constitute a "conviction" for purposes of Federal immigration law, see Villalobos, supra at 802.  For ease of reference, we shall refer to admissions and guilty pleas interchangeably in the analysis that follows.  See Commonwealth v. Hallinan, 491 Mass. 730, 732 n.1 (2023).
     [3] The other two Clarke factors are "an available, substantial ground of defense that the defendant would have pursued if given proper advice about the plea's dire immigration consequences," and "a reasonable probability that the defendant could have negotiated a plea bargain that did not include those dire immigration consequences."  Commonwealth v. Lys, 481 Mass. 1, 7 (2018).  The defendant's motion for a new trial relied solely on the "special circumstances" factor, however, and thus that is the sole focus of our analysis.
     [4] For the same reason, the motion judge's reference to the defendant's subsequent criminal convictions was not relevant to the question of prejudice, and those subsequent convictions did not provide an appropriate basis for denying relief.