*Maria Rosenthal,* pro se.

COMMONWEALTH *vs.* FLORENTINO RODRIGUEZ. February 10, 2004. *Alien. Practice, Criminal,* Probation, Plea, Conviction.

In 1999, Florentino Rodriguez was charged with illegal possession of a class B controlled substance, in violation of G. L. c. 94C, § 34. With both Rodriguez's and the Commonwealth's assent, a District Court judge placed him on one year of pretrial probation, without requiring an admission to sufficient facts, a plea of guilty or nolo contendere, or entering a finding of guilt. See G. L. c. 276, 87. The judge did not advise him of any potential immigration consequences that might flow from his pretrial probation. See G. L. c. 278, § 29D (immigration warnings). One year later, the case was dismissed with the Commonwealth's agreement.

Rodriguez subsequently was notified by the United States Immigration and Naturalization Service (INS) that his application for naturalization had been denied. His arrest and probation on the possession charge were listed as bases for the decision, as were his admissions to sufficient facts on a 1990 disorderly person charge and a 1991 charge of using a false motor vehicle document. See 8 C.F.R. § 316.10(a)(1)-(2), (b)(1)-(3) (2003). The notice indicated he could request a hearing on the decision, and that he could reapply for naturalization at any time. The record does not indicate whether Rodriguez requested such a hearing, or whether he has filed any subsequent applications.

Two and one-half years later, Rodriguez filed a motion to strike, expunge or

---

[1]Although Rosenthal raised additional claims in her G. L. c. 211, § 3, petition, she presses none of them on appeal.

set aside his pretrial probation, based on the absence of G. L. c. 278, § 29D, warnings at the time the pretrial probation was imposed. A second District Court judge allowed the motion, set aside the pretrial probation and dismissal, and restored the case to the trial list. The Commonwealth promptly filed a petition, pursuant to G. L. c. 211, § 3, seeking relief from the second judge's order. See *Commonwealth* v. *Cowan*, 422 Mass. 546 (1996). A single justice of this court vacated the order, and this timely appeal followed. We affirm.

The charge against Rodriguez was dismissed by agreement of the Commonwealth, following Rodriguez's successful completion of a period of pretrial probation. See *Commonwealth* v. *Tim T.*, 437 Mass. 592, 597 (2002) ("[n]othing in G. L. c. 276, § 87, prevents the use of pretrial probation as one component of an agreed-on disposition of a case"; "[t]his is a permissible — and indeed common — use of § 87"). Cf. *Commonwealth* v. *Cheney*, 440 Mass. 568, 570-571 (2003) (G. L. c. 276, § 87, standing alone, provides no mechanism for disposing of a case). "A defendant placed on pretrial probation in this manner has not pleaded guilty or admitted to facts sufficient to support a finding of guilt. Cf. G. L. c. 278, § 18. Thus, in the event the probationary terms were violated, the only recourse would be to return the case to the trial calendar." *Commonwealth* v. *Tim T.*, *supra* at 596.

There is no merit to Rodriguez's argument that G. L. c. 278, § 29D, warnings were required in this case. That statute provides that the warnings must be given prior to accepting "a plea of guilty or nolo contendere from any defendant in any criminal proceeding," and requires the judge to advise a defendant only of the potential immigration consequences of a "conviction of the offense for which [he had] been charged." *Id.* While we have concluded that an admission to sufficient facts "may lead to either an immediate conviction and sentence, or may do so during the continuance period in the event of a violation of the continuance terms," *Commonwealth* v. *Villalobos*, 437 Mass. 797, 801 (2002), and therefore is the "the functional equivalent of a guilty plea" for purposes of the statute, *id.* at 800, quoting *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 316 (1986), no such equivalency is present here. Rodriguez did not enter a plea of guilty or nolo contendere, or admit to sufficient facts, and there was no adjudication of guilt. The violation of the terms of probation would have resulted in a trial, not an "immediate conviction and sentence." *Commonwealth* v. *Villalobos*, *supra* at 801. See 8 U.S.C. § 1101(a)(48)(A) (2000) (where formal adjudication of guilt withheld, conviction includes "plea of guilty or nolo contendere," or admission to "sufficient facts to warrant a finding of guilt," where some form of penalty also imposed).

We recognize that the INS denied Rodriguez's application for naturalization in 2000 based, in part, on the pretrial probation disposition in this case. While the determination of what constitutes a "conviction" for purposes of immigration law is a matter of Federal law, *Griffiths* v. *Immigration & Naturalization Serv.*, 243 F.3d 45, 49 (1st Cir. 2001), the disposition in this case is not a conviction, or its functional equivalent, under the law of this Commonwealth. *Commonwealth* v. *Tim T.*, *supra* at 596. Cf. *Herrera-Inirio* v. *Immigration & Naturalization Serv.*, 208 F.3d 299, 304 (1st Cir. 2000). In the *Herrera-Inirio* case, the court explained that the Federal definition of conviction "unambiguously encompasses . . . situations in which adjudications of guilt have been withheld, as long as the defendant's guilt has been established by a trial, plea, or admission, and a judicial officer orders some form of punishment, penalty,

or restraint on the defendant's liberty." *Id.* Guilt was not established in any fashion in this case.

We have held that "[t]he possibility that the defendant would be subject to action by the INS is a collateral consequence and cannot be the basis for the judge's decision as to the disposition of this or any future case." *Commonwealth* v. *Quispe*, 433 Mass. 508, 513 (2001). Rodriguez's remedies with respect to any action on a naturalization application that he has submitted, or may choose to submit in the future, lie in the Federal arena, not in challenging the disposition of the underlying State proceedings in this case.[1] The single justice neither abused her discretion nor otherwise erred as a matter of law in reinstating the original disposition.

The order of the single justice is affirmed.

*So ordered.*

*Dana Alan Curhan* (*Arthur L. Kelly* with him) for the defendant.

*Keri Rudolph Brown,* Assistant District Attorney, for the Commonwealth.

---

[1]In its brief, the Commonwealth suggests that Rodriguez could "request that the Commonwealth write a letter [to the INS] explaining that his pretrial probation included no admission of facts or guilty finding, or have the [D]istrict [C]ourt judge clarify the record stating such." We infer from this that the Commonwealth would be receptive to such a request.

