# United States Court of Appeals
## For the First Circuit

No. 24-2081

GUISTINA APRILEO,

Plaintiff, Appellee,

v.

CHERYL CLAPPROOD, individually and as Police Commissioner, City
of Springfield; CITY OF SPRINGFIELD; OFFICER RICHARD T. WARD,
individually and as Police Officer, Springfield Police
Department; OFFICER THALIA CASTRO, individually and as Police
Officer, Springfield Police Department; OFFICER JASON BACIS,
individually and as Police Officer, Springfield Police
Department,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark G. Mastroianni, U.S. District Judge]

Before

Rikelman, Lynch, and Aframe,
Circuit Judges.

Tyler J. Kenefick, with whom Lisa C. deSousa and City of
Springfield Law Department were on brief, for appellants City of
Springfield, Cheryl Clapprood, Jason Bacis, and Thalia Castro.

Kevin B. Coyle, on brief for appellant Richard T. Ward.

Emma Freeman, with whom Adam W. Hansen, Civil Rights Appellate
Clinic, University of Minnesota Law School, and Jason R. Herrick
were on brief, for appellee.

Eric R. Atstupenas, on brief for the Massachusetts Chiefs of Police Association, Inc., amicus curiae.

Marie Miller and Jaba Tsitsuashvili, on brief for Institute for Justice, amicus curiae.

---

November 10, 2025

---

**RIKELMAN**, **Circuit Judge**.  In 2018, Guistina Aprileo requested police assistance with resolving a disagreement at her home between her adult children.  Soon after the police arrived, she found herself in a dispute with one of the officers, which led to her arrest on charges including disorderly conduct.  Rather than admit to any wrongdoing or go to trial, Aprileo agreed with the Commonwealth to three months of pretrial probation under Mass. Gen. Laws ch. 276, § 87 ("Section 87"), and a state court approved the agreement.  After Aprileo successfully completed probation, the Commonwealth dismissed the charges against her.  Later, Aprileo filed suit against the three officers and the City of Springfield under 42 U.S.C. § 1983, alleging that one of the officers used excessive force against her during the arrest and fractured her elbow.

This case poses one central question: Does Heck v. Humphrey, 512 U.S. 477 (1994), which held that a § 1983 claim cannot impugn a valid criminal judgment, bar Aprileo's claim here? See id. at 486-87.  We agree with the district court, as well as with the majority of our sister circuits to have considered the question, that the Heck bar is not triggered when there is no underlying criminal conviction or sentence.  Because Aprileo was not convicted of any crime, and she secured a dismissal of the charges against her without a guilty plea or any admission of wrongdoing, the Heck bar does not apply.  Thus, we affirm the

- 3 -

district court's decision allowing Aprileo's § 1983 claims to proceed against certain defendants.

## I. BACKGROUND

### A. Relevant Facts

On November 7, 2018, Aprileo contacted authorities to report a disturbance at her home involving her adult children.[1] The first officers to respond -- defendants Jason Bacis and Thalia Castro -- successfully de-escalated the dispute. When the third officer, Richard Ward, arrived, Aprileo told Ward he was no longer needed. According to Ward, Aprileo then pushed him as he exited her home. When he tried to place her in handcuffs, Aprileo pulled away. Using a "forced arm bar" maneuver, Ward then brought Aprileo to the ground and arrested her, fracturing her elbow.

Aprileo was charged with resisting arrest, see Mass. Gen. Laws ch. 268, § 32B; disorderly conduct, see id. ch. 272, § 53; and assault and battery on a police officer, see id. ch. 265, § 13D. But she never entered a plea as to those charges. Instead, on January 29, 2020, Aprileo and the Commonwealth executed an agreement providing that the charges against her would be dismissed once she completed three months of pretrial probation.

---

[1] Because we are reviewing an order on a motion for summary judgment filed by the defendants, we take the facts in the light most favorable to Aprileo, as the nonmoving party. See River Farm Realty Tr. v. Farm Fam. Cas. Ins. Co., 943 F.3d 27, 36 (1st Cir. 2019).

Aprileo's probation conditions required that she (1) obey all laws and court orders, (2) notify the probation department of changes in her contact information, and (3) make no false statements to court officers.

The parties agreed to resolve Aprileo's charges via pretrial probation consistent with Section 87. That statute permits a court to "place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty." Mass. Gen. Laws ch. 276, § 87. It also provides for probation "in any case after a finding or verdict of guilty," subject to certain conditions. Id.

In memorializing the pretrial probation agreement, Aprileo, the prosecutor, and the state court judge signed a form titled "TENDER OF PLEA OR ADMISSION & WAIVER OF RIGHTS." The form contained three boxes: "GUILTY PLEA," "ADMISSION TO FACTS SUFFICIENT FOR A FINDING OF GUILTY," and "BINDING PLEA WITH CHARGE CONCESSION UNDER RULE 12(b)(5)(A)." None of the boxes were checked. What is more, Aprileo never admitted to any facts in connection with these criminal charges, on this form or otherwise, and the state court never made any factual findings in her case. After her three months of probation were up, the Commonwealth dismissed the charges against her.

- 5 -

## B. Federal Court Proceedings

Several months later, in October 2021, Aprileo filed a lawsuit in state court against the City of Springfield, its police department and commissioner, and the three officers who responded to her November 2018 call. Her claims included allegations under 42 U.S.C. § 1983 that the defendants had violated her civil rights in connection with the arrest -- Ward, by using excessive force, and Bacis and Castro, by failing to intervene to stop him.

The defendants removed the case to the U.S. District Court for the District of Massachusetts. After discovery, they filed a motion for summary judgment, arguing among other things that the Heck doctrine barred Aprileo's § 1983 claims.

The district court denied in part and granted in part the defendants' motion for summary judgment. As relevant to this appeal, it held that the Heck doctrine does not bar Aprileo's § 1983 claims against Ward and Castro (the "police officers") because her criminal case was dismissed without a conviction.[2]

The police officers then moved for a certification of interlocutory appeal under 28 U.S.C. § 1292(b). The district court granted the motion, certifying the following question for our consideration: "Does the Heck doctrine apply to a federal civil

---

[2] The district court granted summary judgment to the defendants on Aprileo's claims against the City of Springfield and Bacis, and those claims are not at issue on appeal.

rights claim when the underlying criminal charges were dismissed after successful completion of pretrial probation under Mass. Gen. Laws ch. 276, § 87?"

We granted the police officers' petition for permission to appeal. See Judgment, Aprileo v. City of Springfield, No. 24-8029 (1st Cir. Nov. 21, 2024).

## II. DISCUSSION

The police officers contend that Heck bars Aprileo's § 1983 claims and the district court was wrong to conclude otherwise. We review de novo a question of law certified by the district court for appeal under § 1292(b). See Baker v. Smith & Wesson, Inc., 40 F.4th 43, 47 (1st Cir. 2022). Because Aprileo was never convicted or sentenced, we agree with the district court that the Heck bar was not triggered here.

### A. Legal Framework

We begin by setting out the rule announced in Heck. The plaintiff in that case, Roy Heck, stood trial in state court and was convicted of voluntary manslaughter for the killing of his wife. See Heck, 512 U.S. at 478. The state court then sentenced him to a fifteen-year prison term. See id. While Heck was serving that sentence and the appeal of his conviction was still pending, he filed suit in federal court under § 1983 against the prosecutors and police involved in his underlying criminal case. See Heck, 512 U.S. at 478-79. His lawsuit included claims that the

government officials unlawfully investigated him, destroyed exculpatory evidence, and introduced improper evidence at trial. See id. Although Heck sought damages, not release from custody, the district court dismissed his § 1983 suit on the ground that it "directly implicate[d] the legality of [his] confinement." Id.

The Supreme Court ruled that the district court had correctly rejected Heck's § 1983 claims. See id. at 490. It held that a § 1983 damages claim was not available to impugn the validity of a state conviction or sentence, so long as that conviction or sentence otherwise remained valid. See id. at 486-87. As the Court put it:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. A § 1983 "action should be allowed to proceed," the Court continued, when it "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," even if it is successful, and there is no "other bar to the suit." Id. at 487.

- 8 -

The Supreme Court's decision in Heck focused on the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments" and applied that principle to § 1983 claims. Id. at 486. As the Court explained, § 1983 "creates a species of tort liability," so it was appropriate to look to the common law tort of malicious prosecution in deciding the scope of § 1983 as it applied to Heck's case. Id. at 483 (quoting Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 305 (1986)). The Court then detailed how a plaintiff alleging malicious prosecution at common law had to prove the "termination of the prior criminal proceeding in [his] favor," such that the criminal and civil proceedings could not reach inconsistent results. Id. at 484.

The Supreme Court went on to explain that two primary considerations supported the common law rule for malicious prosecution claims and, by extension, its decision in Heck. See id. at 484-85. First, the rule "avoids parallel litigation over the issues of probable cause and guilt" and the "creation of two conflicting resolutions arising out of the same or identical transaction." Id. at 484 (citation omitted). Second, and relatedly, principles of finality and consistency weigh against expanding "opportunities for collateral attack" on state convictions outside of the habeas corpus process. Id. at 485.

- 9 -

As Aprileo points out, the Supreme Court has refused to extend the Heck bar to situations in which a § 1983 plaintiff has not been convicted or sentenced. In Wallace v. Kato, 549 U.S. 384 (2007), for instance, the Court explained that applying Heck to a civil case impugning "an anticipated future conviction" would be a "bizarre extension" of the doctrine. Id. at 393. The Court in Wallace was considering a narrow issue: the accrual date of the statute of limitations for an unlawful arrest claim brought under § 1983. See id. The plaintiff in that case was convicted, but his conviction was overturned on appeal and prosecutors dropped the charges against him. See id. at 386-87. In deciding the statute of limitations issue, the Court ruled that the plaintiff's § 1983 claim arose when he was held over for trial and rejected his contrary contention that, under Heck, it could not have accrued until his conviction was invalidated. See id. at 392. As the Court explained, "the Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" Id. at 393 (second emphasis added) (quoting Heck, 512 U.S. at 487).

## B. Application of Heck

Turning to the facts here, the police officers argue against "an excessively literal reading of the word 'conviction' in Heck" and contend that Aprileo's agreement to pretrial probation

should be "treated as a conviction."  They also maintain that the dismissal of the charges against Aprileo following the pretrial probation period was not a favorable termination of the criminal proceedings against her and that concluding otherwise would "contradict" the holding of Heck.[3]  In their view, allowing Aprileo to pursue an excessive force claim under § 1983 based on the same incident underlying her criminal charges would undermine the finality and formality of her probation agreement and violate the legal principles underlying Heck, as well as the policy objectives it serves.

Aprileo responds that the district court correctly declined to apply Heck because this case does not meet any of the requirements for a Heck bar: (1) a conviction or sentence; (2) that remains valid, if it ever existed (that is, the criminal prosecution did not end in the defendant's favor); and (3) civil claims that necessarily imply the invalidity of that conviction. She insists that the first requirement, an underlying conviction or sentence, is an antecedent requirement, and we need go no further in our Heck analysis if that requirement is not met.

We agree with Aprileo that the Heck bar was not triggered because she was not convicted or sentenced.  Thus, we do not decide

---

[3] This case does not involve any of the alternatives for invalidating a conviction discussed in Heck.  Indeed, as we explain, it does not involve a conviction at all.

whether Aprileo's case terminated in her favor or whether her civil claims would impact the validity of her pretrial probation agreement.

The Heck rule applies to claims that have the potential to "render a conviction or sentence invalid." 512 U.S. at 486. But Aprileo was not convicted, and she was not sentenced. She did not plead guilty, and she did not stand trial. Nor did she admit to any facts about the events at her home in November 2018. There was no state court criminal judgment issued in her case because the Commonwealth dismissed the charges against her before she filed her federal lawsuit. Indeed, the record is crystal clear that Aprileo's pretrial probation agreement did not contemplate a conviction or require Aprileo to enter any plea or otherwise admit to any facts or the sufficiency of any evidence against her, and the state court required no such admissions as a condition of dismissing the charges.

In entering the pretrial probation agreement here, the parties relied on Section 87, which provides for probation "before trial and before a plea of guilty." Mass. Gen. Laws ch. 276, § 87; see Commonwealth v. Rodriguez, 802 N.E.2d 1039, 1041 (Mass. 2004) (stating, in a case involving whether a Section 87 pretrial disposition qualified as a conviction, that "[a] defendant placed on pretrial probation in this manner has not pleaded guilty or admitted to facts sufficient to support a finding of guilt"

- 12 -

(quoting Commonwealth v. Tim T., 773 N.E.2d 968, 971 (Mass. 2002))). In Rodriguez, the Supreme Judicial Court (SJC) held that dismissal following pretrial probation under Section 87 "is not a conviction, or its functional equivalent, under the law of this Commonwealth." 802 N.E.2d at 1041.[4] Thus, there is simply no "outstanding criminal judgment" that Aprileo's claims could impugn, so Heck does not bar her claims under § 1983. Heck, 512 U.S. at 487.

In concluding that a conviction or sentence is necessary for the Heck bar to be triggered, we join the majority of federal courts of appeals to have considered this question. In cases involving plaintiffs whose criminal charges were dismissed before trial under state statutes similar to Section 87, five other federal appellate courts have held the Heck doctrine inapplicable for lack of an underlying conviction. See Duarte v. City of Stockton, 60 F.4th 566, 571-73 (9th Cir. 2023); Mitchell v. Kirchmeier, 28 F.4th 888, 895-96 (8th Cir. 2022); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1095 (10th Cir. 2009); S.E. v. Grant

_____

[4] In Tim T., a case that predated Rodriguez, the SJC made clear that, under Section 87, a court cannot place a criminal defendant on pretrial probation, with the understanding that successful completion of the probation will result in dismissal of the charges, without the Commonwealth's consent. 773 N.E.2d at 969, 972. But a court may do so when the Commonwealth agrees to such a disposition; as the SJC explained, "[t]his is a permissible -- and indeed common -- use of § 87." Id. at 972. As the parties agree, that is precisely what happened in Aprileo's case.

- 13 -

Cnty. Bd. of Educ., 544 F.3d 633, 638-39 (6th Cir. 2008); McClish v. Nugent, 483 F.3d 1231, 1251 (11th Cir. 2007).

For example, Mitchell v. Kirchmeier involved a plaintiff who alleged excessive force claims under § 1983 following a criminal case in which he was charged with trespass and obstruction of a government function during a protest. See 28 F.4th at 894. But Mitchell was never convicted; instead, he "entered into a pretrial diversion agreement in which the state conditionally agreed to dismiss the charges." Id. The U.S. Court of Appeals for the Eighth Circuit concluded Heck did not bar Mitchell's § 1983 claims because he "was never convicted of -- and therefore, a fortiori, never sentenced on -- the charges against him." Id. at 895. As the court put it, under North Dakota law, "the pretrial diversion" agreement the parties entered was about "forgo[ing]," rather than pursuing, prosecution. Id. The court explained that Mitchell's agreement with the state was "simply a contract" that required the state to drop its charges if he complied with certain conditions. See id. at 895. Because there was no conviction or sentence, the court reasoned, the Heck bar could not apply, and thus there was no need even to consider Heck's "favorable-termination requirement." Id.

The police officers attempt to distinguish these five appellate decisions on factual grounds, pointing out that they involved different underlying criminal charges or different

- 14 -

allegations under § 1983 than are at issue here. But the police officers do not explain why those differences matter in light of the courts' reasoning that an actual conviction is an antecedent requirement for the Heck bar to apply.

The police officers also point to two federal appellate court cases that applied Heck even though the plaintiff had not been convicted.[5] See Gilles v. Davis, 427 F.3d 197 (3d Cir. 2005); DeLeon v. City of Corpus Christi, 488 F.3d 649 (5th Cir. 2007). But those decisions do not compel the same result here. One case was decided before Wallace and relied on reasoning that the Supreme Court may have undermined in a separate decision, and both cases involve facts or statutory schemes that are different in material ways from those at issue here. In Gilles v. Davis, the U.S. Court of Appeals for the Third Circuit held that the plaintiff's completion of probation, after which his criminal charges were dismissed, triggered the Heck bar. See 427 F.3d at 202, 209. But that decision, which predated Wallace, did not include an analysis of whether the plaintiff's criminal case culminated in a conviction or an outstanding criminal judgment. See id. at 208-11. Instead,

---

[5] The police officers also cite Havens v. Johnson, 783 F.3d 776 (10th Cir. 2015), in which the court applied a Heck bar to claims filed by a plaintiff who had entered an Alford plea. See id. at 784 (citing North Carolina v. Alford, 400 U.S. 25 (1970)). The court did so specifically because that plea was followed by a conviction. See id. (emphasizing that "the Heck doctrine derives from the existence of a valid conviction"). Thus, Havens does not help the officers.

- 15 -

the court focused on whether the charges against the plaintiff had terminated in his favor. See id. at 210-11. In reaching the conclusion that there was no favorable termination, the court pointed out that the probation imposed "several burdens upon the criminal defendant not consistent with innocence, including" his payment of restitution and costs. Id. at 211. The Third Circuit also looked to prior decisions holding that dismissal following pretrial probation could not establish favorable termination of a criminal case, as is necessary to sustain a § 1983 malicious prosecution claim. See id. at 210-11 (first citing Roesch v. Otarola, 980 F.2d 850 (2d Cir. 1992); then citing Singleton v. City of New York, 632 F.2d 185 (2d Cir. 1980); and then citing Taylor v. Gregg, 36 F.3d 453 (5th Cir. 1994)).

The Supreme Court's decision in Thompson v. Clark, 596 U.S. 36 (2022), however, may undermine the reasoning in Gilles, a question we do not fully resolve today. Thompson addressed not the Heck doctrine itself, but the common law tort on which the § 1983 claim at issue (a Fourth Amendment malicious prosecution claim) was based. See id. at 39. As we noted above, that same body of common law -- malicious prosecution in the era of § 1983's enactment -- formed the basis of the Heck rule. The Court held that for Thompson to demonstrate that his criminal case resulted in a "favorable termination" such that he could pursue his malicious prosecution claim, he needed to show only that the case

- 16 -

ended without a conviction.  Id. at 39, 49.  The conclusion to the contrary in Gilles seems difficult to square with Thompson.

The police officers next invoke the ruling in DeLeon v. City of Corpus Christi, but that case also does not support their arguments.  DeLeon applied Heck to criminal charges subject to a "deferred adjudication" period, which the plaintiff had yet to complete at the time of his § 1983 lawsuit.  See 488 F.3d at 652-53.  Critically, unlike in this case, the plaintiff in DeLeon swore under oath that he was guilty, and "there was a judicial finding that the evidence substantiated the defendant's guilt beyond a reasonable doubt."  Id. at 653.  Just as significantly, the DeLeon court withheld decision on whether Heck would apply once the plaintiff completed the deferred adjudication period and his case was dismissed.  See id. at 657.  Aprileo's criminal case, by contrast, was dismissed before she filed this civil suit under § 1983.[6]

In arguing for Heck's application here, the police officers urge us to adopt what they view as a flexible, functionalist understanding of when a plaintiff's civil case

_____

[6] The police officers' invocation of Roesch v. Otarola, 980 F.2d 850 (2d Cir. 1992), is even further afield.  That case predated Heck and thus did not evaluate if a Heck bar applied; instead, it held that dismissal under an accelerated pretrial rehabilitation program did not satisfy the "favorable termination" element of a § 1983 claim "sounding in malicious prosecution." See id. at 852-53.  We are unpersuaded by Roesch for the same reasons that we are unpersuaded by Gilles.

impugns their "conviction" or "sentence."  But we are not free to depart from the contours of the doctrine that the Supreme Court has set forth in Heck and Wallace.

As the Supreme Court has explained, the purpose of the Heck bar is, in substantial part, to avoid "conflicting resolutions" of state criminal cases and federal civil rights proceedings.  512 U.S. at 484 (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, at 24 (1991)).  Relatedly, the Heck Court sought to prevent § 1983's use as a vehicle for collateral attacks on state criminal convictions and sentences outside the habeas corpus process.  See id. at 485.

Applying Heck to bar Aprileo's § 1983 lawsuit would not advance either of those purposes.  To recap, Aprileo did not plead guilty or admit to any facts, nor did any judge or jury find any facts.  There was, again, no conviction.  Probation under the applicable Massachusetts statute does not require a guilty plea or any admission, and it is not a conviction or the "functional equivalent" of one.  Rodriguez, 802 N.E.2d at 1041; see id. (concluding that "[g]uilt was not established in any fashion" when a defendant's criminal charges were dismissed after pretrial probation under Section 87).  Thus, we cannot see how there could be any "conflict" between the dismissal of the criminal charges against Aprileo and any resolution of her § 1983 claims.  If the police officers' position is that Aprileo implied her guilt by

- 18 -

agreeing to a term of probation, that position finds no basis in the record or in Massachusetts law. Similarly, although the police officers insist that Aprileo's § 1983 claims undermine "the factual predicate of the compromise" under the pretrial probation agreement, they fail to identify what that factual predicate could be on this record.

To be clear, our holding that Heck does not bar Aprileo's § 1983 claims is based on the facts here, including this particular state pretrial probation agreement. Aprileo does not argue, and we do not hold, that Heck could never apply to a plaintiff who agreed to pretrial probation. Nor does our decision reach all applications of Section 87, which also provides for probation following "a finding or verdict of guilty."

The police officers are entirely correct that Aprileo's pretrial probation agreement carries weight and deserves respect because Aprileo, the prosecutor (with victim input), and the state court all agreed to it. But the police officers do not explain how those facts help them, rather than Aprileo. That the Commonwealth and the state court agreed to the dismissal of all charges against Aprileo following her successful completion of pretrial probation only supports her arguments. Under Massachusetts law, Aprileo's pretrial probation is not a conviction or its functional equivalent. Instead, the pretrial

probation agreement shows that the Commonwealth accepted the consequences of <u>not</u> pursuing a conviction here.

### III. CONCLUSION

For all these reasons, we **<u>affirm</u>** the district court's order and **<u>remand</u>** for further proceedings.